**OCKENFELS v. UNITED STATES.**

No. 45697.

Court of Claims.

Oct. 7, 1946.

§

Fred W. Shields, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Henry Weihofen, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen. (S. R. Gamer, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and JONES, LITTLETON, MADDEN, and WHITAKER, Judges.

WHITAKER, Judge.

Plaintiff sues for the difference in the retired pay which he has been receiving, based upon a salary of $4,500 a year, and the retired pay to which he claims he is entitled based upon a salary of $4,800 a year. The controversy arises by reason of plaintiff's occupation of a dwelling house furnished him by defendant. The rent of this dwelling house was deducted from plaintiff's pay. Defendant has paid him retired pay based upon his salary, less the reduction for rent. Plaintiff claims that he is entitled to retired pay based upon his salary without the deduction.

We do not think there is any doubt but that plaintiff is correct.

Section 6 of the Act of June 20, 1918, 40 Stat. 607, 608, 33 U.S.C.A. § 763, gives to an employee of the Lighthouse Service retirement pay as follows: * * * the annual compensation of persons so retired shall be a sum equal to one-fortieth of the average annual pay received for the last five years of service for each year of active service in the Lighthouse Service or in a department or branch of the Government having a retirement system, not to exceed in any case thirty-fortieths of such average annual pay received: Provided further, That such retirement pay shall not

include any amount on account of subsistence or other allowance.

Section 7 of the Act of August 5, 1939, 53 Stat. 1216, 1217, 14 U.S.C.A. § 181, provides that the retirement pay of a former employee of the Lighthouse Service who had been commissioned in the Coast Guard under the provisions of that Act, "shall not be less than an annuity computed in accordance with the provisions of section 6 of the Act of June 20, 1918 * * *."

There is no doubt about the fact that at the time plaintiff was commissioned in the Coast Guard he was receiving a salary of $4,800 per annum. Prior to the date of his commission, on February 16, 1938, the Chief of the Division of Personnel of the Department of Commerce wrote him a letter in which he said: "You are advised that your compensation has been changed as indicated below, effective February 16, 1938."

The indication below read as follows:

"From: $4,600 per annum.

To: $4,800 per annum. * * *"

The Act of March 2, 1926, 44 Stat. 161, reenacted and made permanent by the Act of March 5, 1928, 45 Stat. 162, 193, 5 U.S.C.A. § 75a, permitted the head of the Department to continue to furnish civilians in the field service with quarters, heat and light, etc., but provided that where this was done that "the reasonable value of such allowances shall be determined and considered as part of the compensation in fixing the salary rate of such civilians." The

rental value of the quarters furnished plaintiff was fixed at $300 per annum. The result was that his salary of $4,800 was paid to him $4,500 in cash and $300 in the form of living quarters. Plaintiff's salary, however, remained the same, $4,800 per annum, and he is entitled to compute his retired pay on this basis.

The second proviso of section 6 of the Act of June 20, 1918, which reads, "Provided further, That such retirement pay shall not include any amount on account of subsistence or other allowance," plainly does not cover plaintiff's situation. The subsistence and allowance referred to in that Act were things which were allowed an employee in addition to his salary. It had no reference to things paid an employee as a part of his salary.

Plaintiff's salary was fixed at $4,800 per annum on February 16, 1938, and was never changed. He is entitled to retired pay based thereon. We have found that the difference between the retired pay which has been paid to him for the period from July 1, 1940 to January 15, 1942,[1] and that to which he is entitled on the basis of a salary of $4,800 per annum, is $346.87.

Judgment for this amount will be entered in his favor. It is so ordered.

JONES and LITTLETON, Judges, and WHALEY, Chief Justice, concur.

MADDEN, Judge, took no part in the decision of this case.

---

[1] Plaintiff was recalled to active duty on January 15, 1942.